IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHRISTIAN AUSTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:23-cv-01365 |
| v. | ) | |
| | ) | Judge Trauger |
| PACKETFABRIC, INC., | ) | Magistrate Judge Holmes |
| | ) | |
| Defendant. | ) | |

**ORDER AND MEMORANDUM**

Plaintiff Christian Austin, a resident of Clarksville, Tennessee, has filed a pro se complaint against his former employer, Packetfabric, Inc. (Doc. No. 1). The plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.; the Americans with Disabilities Act, 42 U.S.C. §§ 12112 to 12117, and the Patient Protection and Affordable Care Act, 42 U.S.C. § 18001. (*Id*. at 2).

**I. INITIAL SCREENING STANDARD**

The court must dismiss any action filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In doing so, the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further

1

factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II. ALLEGED FACTS

The plaintiff previously was employed as a solutions architect at Packetfabric, Inc. He was admitted to the hospital on or about December 2, 2021, for abdominal pain. He contacted the defendant on January 1, 2022, regarding time off under the Family and Medical Leave Act ("FMLA"). Initially, the defendant told the plaintiff he could not take FLMA leave; however, on or about January 25, 2022, the plaintiff was granted FMLA leave. On March 22, 2022, the plaintiff was terminated from his position. (Doc. No. 1 at 2).

## III. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

The plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.; the Americans with Disabilities Act, 42 U.S.C. §§ 12112 to 12117, and the Patient Protection and Affordable Care Act, 42 U.S.C. § 18001. (*Id*. at 2).

Title VII, 42 U.S.C. § 2000(e)-2, proscribes certain discriminatory employment practices. Before filing suit in federal court under Title VII, a plaintiff must first timely file a relevant charge of discrimination before the Equal Employment Opportunity Commission (EEOC) or corresponding state agency. *Amini v. Oberlin Coll.*, 259 F.3d 493, 398 (6th Cir. 2001). The purpose of this requirement is to allow the EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731-32 (6th Cir. 2006) (citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)). A plaintiff must file a charge with the EEOC within 180 days after the

2

alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). If the EEOC finds that the charge has a reasonable basis, it will issue a notice of right-to-sue to the plaintiff. 29 C.F.R. § 1601.28(b). Upon receipt of a notice of right-to-sue, the employee has 90 days in which to bring a federal action alleging violation of Title VII. 42 U.S.C. § 2000e-5(f)(1). Administrative exhaustion thus involves (1) timely filing a charge of employment discrimination with the EEOC and (2) receiving and acting upon a statutory right-to-sue notice. *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006) (citing *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)).

The same standards apply to claims under the ADA. *See Mayers v. Sedgwick Claims Mgmt. Servs., Inc.*, 101 F. App'x 591, 593 (6th Cir. 2004) (citing 42 U.S.C. § 12117(a) (adopting the "powers, remedies, and procedures set forth in" provisions including § 2000e-5(e) for claims of ADA violations)); *see also Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 322 (6th Cir. 2012) (Clay, J. concurring in part and dissenting in part) (explaining that "[t]he ADA explicitly cross-references and adopts Title VII's enforcement section, including "'powers, remedies, and procedures'").

The court previously reviewed the complaint under 28 U.S.C. § 1915(e)(2)(B). The complaint does not allege that the plaintiff has filed a charge of discrimination with the EEOC or the corresponding state agency. Neither does the complaint state whether the plaintiff has received a right-to-sue letter. No right-to-sue letter is attached to the complaint.

Because the court was unable to determine whether the plaintiff has filed a charge with the EEOC or corresponding state agency within 180 days after the alleged unlawful employment practice and whether the plaintiff filed this action within 90 days of receiving a right-to-sue letter, the court directed the plaintiff to file, no later than January 20, 2024, a copy of the right-to-sue

3

letter issued to him by either the EEOC or the corresponding state agency. (Doc. No. 6). The court warned the plaintiff that, should he fail to comply with the court's order within the time frame specified, any limitations period applicable to this action will no longer be tolled, and the case may be dismissed. (*Id*.)

To date, the plaintiff has not responded to the court's order. In fact, the court's mail to the plaintiff was returned on January 23, 2024 marked "Undeliverable." (Doc. No. 7). Were this a situation where a plaintiff had pursued administrative relief and merely failed to allege that he had pursued administrative relief and/or failed to submit his right-to-sue letter, an amendment to the complaint to show that such relief was pursued prior to the filing of a complaint would be proper. However, the plaintiff has not alleged that he pursued such relief prior to filing this action even after having been specifically directed to do so by the court. Furthermore, in his complaint the plaintiff does not mention having filed a charge with the EEOC or the corresponding state agency. Under the circumstances, the court finds that the appropriate course of action is to dismiss the case without prejudice for failure to exhaust administrative remedies.

## IV. CONCLUSION

Accordingly, this action is hereby **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

                                                                                        _____
                                                                                        Aleta A. Trauger
                                                                                        United States District Judge